248 So.2d 456 (1971)
Shirley Foster HARTHCOCK
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Universal Underwriters Insurance Company.
No. 46040.
Supreme Court of Mississippi.
February 1, 1971.
Rehearings Denied June 7, 1971.
*457 J.H. Hogue, Jr., John S. Holmes, Yazoo City, for appellant.
Satterfield, Shell, Williams & Buford, Carl E. Bufkin, Lipscomb, Barksdale, Steen & Caraway, Jimmie B. Reynolds, Jr., Jackson, for appellees.
GILLESPIE, Presiding Justice:
The several questions in this case involve the Uninsured Motor Vehicles Act, Mississippi Code 1942 Annotated Section 8285-51 et seq., enacted in 1966.
Shirley Foster Harthcock was the plaintiff in the trial court and is appellant here. She was a passenger on a motorcycle owned by Lonzo L. Horne, Jr., and operated by James P. Horne. Plaintiff sustained bodily injuries when the motorcycle was involved in an intersection collision with an automobile driven by Gary Roark. Plaintiff first made claim against Roark who was covered by an automobile liability insurance policy issued by Southern Farm Bureau Insurance Company, with bodily injury coverage limited to $5,000 per person. Plaintiff settled with Roark for the sum of $4,500, reserving the right to pursue her claims against other persons.
Plaintiff then filed suit against State Farm Mutual Insurance Company on the uninsured motorists coverage of an automobile liability policy issued by State Farm to plaintiff's husband, Clyde Harthcock, Jr., in whose household she lived. She was an insured under the State Farm policy.
The State Farm policy provided uninsured motorists coverage. Plaintiff alleged that the motorcycle on which she was riding at the time of the accident was an uninsured vehicle; her damages in the amount of $50,000 resulted from the negligent operation of the motorcycle by James P. Horne; and she was entitled to recover *458 from State Farm the limit of its uninsured motorists coverage, which was $5,000 per person. Plaintiff then filed a separate suit on the uninsured motorists coverage of a policy issued by Universal Underwriters Insurance Company to Lonzo L. Horne, Jr., on the motorcycle involved in the accident. The same allegations as to James P. Horne's negligence were made as in the suit against State Farm. The Universal policy provided that the bodily injury liability coverage of the policy did not apply "to bodily injury to any person while on or getting on or alighting from the insured vehicle." Plaintiff alleged that the motorcycle was an uninsured vehicle as defined in the uninsured motorists coverage of the policy; that she was an insured under uninsured motorists coverage of Universal's policy and was entitled to recover the limit of the uninsured motorists coverage, or $5,000.
The two suits against State Farm and Universal were consolidated for trial in the lower court and the circuit judge heard the cases without a jury, the parties having waived jury trial. The trial judge found both Roark, the driver of the automobile, and James P. Horne, operator of the motorcycle, guilty of negligence and that plaintiff sustained damages of $14,500. He found that the motorcycle was an uninsured vehicle within the meaning of the statute relating to uninsured vehicles. He was of the opinion that State Farm's uninsured motorists coverage was applicable but that State Farm should be credited with the $4,500 received by plaintiff from the Roark settlement. He held State Farm liable to plaintiff in the sum of $500, and dismissed the suit as to Universal. Plaintiff appealed and State Farm cross-appealed. We reverse and enter judgment here in favor of plaintiff against State Farm for $5,000 and against Universal for $5,000 and affirm on cross-appeal.
The following questions are at issue and must be decided in order to dispose of the case.

I.

Was the motorcycle an uninsured vehicle?
One of the statutory definitions of an "uninsured motor vehicle" is a motor vehicle as to which there is no bodily injury liability insurance. Mississippi Code 1942 Annotated section 8285-52 (Supp. 1968).
The motorcycle was insured by Universal against bodily injury liability, but it excluded from the bodily injury coverage "bodily injury to any person while on or getting on or alighting from the insured vehicle." When claim was made against James P. Horne by plaintiff, Universal denied coverage. Universal's policy contains uninsured motorists coverage.
Code section 8285-51 requires that no automobile liability insurance policy shall be issued or delivered,
* * * [U]nless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Act, as amended, * * *.
There was no bodily injury liability insurance on the motorcycle available to plaintiff because it excluded riders. This Court said in Hodges v. Canal Insurance Co., 223 So.2d 630 (Miss. 1969), that the provisions of the uninsured motorists statute must be construed from the perspective of the injured insured, from whose standpoint a tort-feasor operating an automobile with no insurance available is an uninsured motorist. But Universal and State Farm say that the intent of the uninsured motorists statute is to afford to the public generally the same protection that it would have if the uninsured motorist had in force the minimum bodily liability insurance required by the Mississippi Motor Vehicle Safety *459 Responsibility Act, or $5,000 for one person and $10,000 for any one accident, and that the liability coverage on the joint tort-feasor, Roark, fulfills the requirement of the uninsured motorists statute and excludes the application of the uninsured motorists coverage in the State Farm and Universal policies.
There is nothing in our statute to suggest that the existence of Roark's liability insurance limits or extinguishes the coverage of the uninsured coverage provided by the State Farm and Universal policies. An injured person may recover damages only once, and one joint tort-feasor is released pro tanto upon payment by another joint tort-feasor of less than full damages. If plaintiff had been paid the full amount of her damages by Roark's insurer, she could not recover further damages from anyone. But the Roark settlement does not extinguish the coverage of the uninsured motorists insurance because plaintiff sustained uncollected damages of $10,000, after crediting the amount received from Roark. The discussion of the last question in this opinion is relevant to this question.

II.

Is State Farm or Universal Entitled to be Subrogated to the extent of the sum paid plaintiff by Roark's insurer?
Section 8285-54 Mississippi Code 1942 Annotated (Supp. 1968) is in part as follows:
An insurer paying a claim under the endorsement or provisions required by Section 1 [§ 8285-51] shall be subrogated to the rights of the insured to whom such claim was paid against the person causing such injury, death or damage, to the extent that payment was made; * *.
The "person causing such injury" within the meaning of this section is the uninsured motorist. The statute is not concerned with other joint tort-feasors. The protection afforded by the uninsured motorists coverage is not liability insurance. It affords no protection to the uninsured motorist. Its sole utility is to provide the injured party a means of collecting damages for his injuries; and rather than indemnifying the uninsured motorist, as does conventional liability insurance, it provides that the insurer paying the injured party is subrogated to the injured party's rights against the uninsured motorist to the extent that payment is made. State Farm and Universal are not entitled to be subrogated to plaintiff's claim against Roark, and the settlement of that claim did not diminish the uninsured motorists coverage.

III.

Is plaintiff precluded from recovering on the uninsured motorists coverage because she settled with Roark without the written consent of Universal and State Farm?
Universal's policy contains the following exclusion with reference to the uninsured motorists coverage:
* * * to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor.
State Farm's policy contains a similar provision. Insofar as this exclusion applies to a tort-feasor other than the uninsured motorist, this provision is invalid. The insurer may not cut down on the coverage the statute requires. The statute intends to provide a source for the collection by the insured of all sums which he shall be legally entitled to recover as damages against the owner or operator of an uninsured motor vehicle. The coverage afforded by these policies is mandatory under the statute and may not be cut down by a policy exclusion. The construction placed on this provision by State Farm and Universal *460 renders the uninsured motorists coverage conditional in that it does not apply unless the insured surrenders the right to settle with another tort-feasor. This exclusion, when applied to tort-feasors other than the uninsured motorist, is an invalid abridgement of the coverage required by the statute, and is void.

IV.

Could plaintiff maintain a suit against Universal and State Farm without first establishing liability by suing James P. Horne, the uninsured motorist?
The uninsured motorists coverage is fundamentally different from automobile liability insurance. In this state a suit may not be maintained against an automobile liability insurer until judgment is obtained against the insured. In uninsured motorists insurance the insured is the injured party. The undertaking of the insurer under uninsured motorists coverage is, according to the statute, "to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury * * * from the owner or operator of an uninsured motor vehicle * * *."
Code Section 8285-53 provides that if action is brought by the insured against the uninsured motorist a copy of the process served on the uninsured motorist shall be served on the insurance company providing the uninsured motorists coverage. The obvious reason for this is the insurer's right of subrogation against the uninsured motorist as provided by Code section 8285-54, supra.
Section 8285-55 is as follows:
No such endorsement or provisions shall contain a provision requiring arbitration of any claim arising under any such endorsement or provisions. The insured shall not be restricted or prevented in any manner from employing legal counsel or instituting or prosecuting to judgment legal proceedings, but the insured may be required to establish legal liability of the uninsured owner or operator.
The last clause of this section does not require a suit against the uninsured motorist before recovery may be made by the insured; this clause only requires that the insured may be required to establish legal liability of the uninsured motorist. This can be done in a suit by the insured against the insurance company issuing the policy providing the uninsured motorists coverage. That was done in this case. The suit of the plaintiff in this case is on the contract of insurance. If suit is brought by an insured against the uninsured motorist it would be in tort. The joining of a suit in tort with one on a contract may not be maintained in this jurisdiction. Plaintiff could not have sued James P. Horne and the two insurance companies in the same suit.
The policies of Universal and State Farm contain a provision in the insuring part of the uninsured motorists coverage providing, (1) that no judgment against the uninsured motorist shall be conclusive, as between the insured and the insurer, on the issues of liability of the uninsured motorist or of the amount of damages unless the action is prosecuted by the insured with the written consent of the company. The State Farm policy provides that absent an agreement of the amount an insured is entitled to recover "the liability of the company shall be determined only in an action against the company * * *" Under these provisions of the policies neither insurer is in a position to contend that a direct suit cannot be maintained against the insurer until liability is established by a suit against the uninsured motorist. In Hodges v. Canal Ins. Co., supra, the Court stated that it seemed obvious that an insured under the uninsured motorists coverage could bring a direct action against the insurer. We hold he may and that a prior suit against the uninsured motorist is not required.

*461 V.

Does the "other insurance" clause of State Farm's policy relieve that company from liability?
State Farm's policy contains the following clause applicable to the uninsured motorists coverage:
14. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.
It should be noted that Universal's policy has the same "other insurance" clause, but it does not apply because the motorcycle was owned by the named insured. Therefore, there is no conflict between the two policies with respect to the other insurance clauses and if either clause applies it is the one in the State Farm policy. If this clause in State Farm's policy is valid, State Farm is relieved of liability because the applicable limits of State Farm's policy does not exceed that of Universal's coverage.
It is argued that the basic purpose of the statute requiring uninsured motorists coverage is to provide the minimum protection that would be afforded by liability insurance coverage up to the minimum limits under the financial responsibility law. State Farm further contends that its uninsured motorists coverage is not applicable if the plaintiff has sources other than the State Farm uninsured motorists coverage from which she can recover the minimum $5,000 coverage. Such other sources would include available liability coverage of a joint tort-feasor (Roark's) or other uninsured motorists coverage (Universal's).
The Louisiana cases relied upon by State Farm are not in point. That State does not have a statute with the same requirements as ours. Nor is the Arkansas case of M.F.A. Mutual Ins. Co. v. Wallace, 245 Ark. 230, 431 S.W.2d 742 (1968), persuasive on the "other insurance" question now under consideration. Under the statute of our state, no policy of automobile liability insurance shall be issued or delivered unless it contains provisions "undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured vehicle * * *." The Arkansas statute requires coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * *."
The Georgia statute with respect to the requirements of the undertaking of the insurer are identical with the statute in this state. In construing the Georgia statute, the Court of Appeals of Georgia, in Travelers Indemnity Company v. Williams, 119 Ga. App. 414, 167 S.E.2d 174 (1969), rejected the argument that the intent of the statute was to provide a limit of $10,000 (the minimum limit in that state) for any one person in a collision with an uninsured motorist. Other states have rendered similar decisions rejecting the right of an insurer to avoid liability under "other insurance" clauses.[1] There is also authority to the contrary.
After a careful consideration of the authorities from other jurisdictions and the requirements of our statute, we hold that the uninsured motorists coverage of each policy of liability insurance is available to the injured insured until all sums *462 which he shall be entitled to recover from the uninsured motorist have been recovered. The coverage is mandatory on the insurer and this undertaking cannot be diminished by a provision in the policy. We find no words in the statute indicating that one policy providing minimum coverage is all the statute requires. The statute requiring the coverage does not say how much uninsured motorists coverage shall be provided for each accident or each vehicle or each uninsured motorist. It requires each policy to provide the minimum coverage, and State Farm's "other insurance" clause is in direct conflict with the statute and is, therefore, void.
Some other questions are raised in the briefs, but they do not have sufficient merit to warrant discussions.
The judgment of the trial court is reversed and separate judgments shall be entered here for plaintiff against State Farm for $5,000 and against Universal for $5,000. The case is affirmed on cross-appeal.
Reversed and rendered on direct appeal; affirmed on cross-appeal.
RODGERS, JONES, INZER and ROBERTSON, JJ., concur.
NOTES
[1] Sellers v. U.S.F. & G. Co., 185 So.2d 689 (Fla. 1966); Morelock v. Miller's Mutual Ins. Ass'n., 125 Ill. App.2d 283, 260 N.E.2d 477 (1970); Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965); 28 A.L.R.3d 551.