350 So.2d 1379 (1977)
HARTFORD ACCIDENT AND INDEMNITY COMPANY
v.
Leverne BRIDGES et al.
No. 49663.
Supreme Court of Mississippi.
October 26, 1977.
Daniel, Coker, Horton, Bell & Dukes, Curtis E. Coker, Joel W. Howell, III, Jackson, for appellant.
Holmes & Dukes, James K. Dukes, Hattiesburg, for appellees.
Before INZER, P.J., and ROBERTSON and BOWLING, JJ.
*1380 INZER, Presiding Justice, for the Court:
This appeal involves the question of whether the uninsured motorists coverage contained in one policy of insurance insuring three automobiles for which a separate premium was charged and paid on each automobile can be aggregated or stacked to cover the damage suffered by an insured. The case comes to this Court from the Circuit Court of Forrest County wherein it was held that the coverage could be aggregated or stacked. We affirm.
The case was tried by the circuit judge on a stipulation of facts without the intervention of a jury. It was stipulated that the plaintiffs were the father, mother, and the three brothers of Timothy Wayne Bridges, who died of injuries received when he was negligently struck by a hit and run driver on March 31, 1974. On the date of the accident, the policy in question issued by Hartford Insurance Group was in full force and effect. It was stipulated that deceased was an insured under the terms of the policy and his death was proximately caused by the negligent acts of the hit and run driver. It was also stipulated that defendant insurance company denied that coverage under the uninsured motorists section of its policy was in the amount of $30,000, but admitted that coverage under the policy amounted to $10,000.
The issue raised by the pleadings and stipulation was submitted to the trial judge who wrote an opinion which indicates that the judge gave considerable thought and study to the issue involved. His opinion merits being set out in full in this opinion, and it reads as follows:
This cause was heard by the Court on written stipulation of facts submitted jointly by the Plaintiffs and the Defendant and on memoranda briefs. The written stipulation of facts filed in the cause is adopted by reference and included as a part of this opinion and as the facts governing this opinion.
The question of law is whether uninsured motorists coverage on three separate automobiles in one policy of insurance can be aggregated or stacked.
Defendant, in stipulation, has tendered the sum of ten thousand dollars to the Plaintiffs and has admitted the liability under the policy, with its sole defense being the "limits of liability" under paragraph four of Section III of the uninsured motorists coverage provided by the policy. The Defendant continues to use a policy of insurance which contains other provisions which have been held to be void as in conflict with the statutes of this State.
It is the holding of this Court, based on the rationale of Southern Farm Bureau Casualty Insurance Company v. Mary Roberts, Guardian of the Estate of Drexel Ray Roberts, a minor, [323 So.2d 536 (Miss. 1975)], that uninsured motorists coverage contained in one policy of insurance insuring three automobiles, and for which a separate premium was paid, can be aggregated or stacked; i.e., Defendant's policy of insurance affords a maximum of thirty thousand dollars coverage to Plaintiffs' decedent.
This holding requires that Talbot v. State Farm Mutual Automobile Insurance Company, 291 So.2d 699 (Miss. 1974), be distinguished. In Talbot, there was only one insurance policy with only one uninsured motorist endorsement covering a fleet of four automobiles. The Court, in Talbot, determined that the "limits of liability" provision in the defendant's policy was clear and unambiguous and denied insured the aggregate amount of uninsured motorist coverage. That clause limited liability to the "amount specified by the financial responsibility law of the state... ." The Limits of Liability provision of the policy issued by Defendant in this case contained the identical language as that provision of the policy in the Alabama case of Employers Liability Assurance Corporation, Ltd. v. Jackson [289 Ala. 673], 270 So.2d 806 (Ala. 1972), and which opinion is cited in the dissenting opinion of four justices in Talbot at page 707. That provision is as follows:

*1381 The limit of liability for uninsured motorists coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.
The Alabama court in Jackson held such a policy provision to be both ambiguous and difficult to understand, and accordingly permitted aggregation or stacking of policies. The courts of this State have consistently held that ambiguity and doubt in policies be resolved against the writer of the policy, the insurance company, and in favor of the insured. State Farm Mutual Insurance Company v. Taylor, 233 So.2d 805 (Miss. 1970).
The Supreme Court of this State, in its latest pronouncement on the issue in question, seems to place greater emphasis upon the fact that a separate premium is charged and paid for uninsured motorist coverage for more than one vehicle, whether coverage is provided in one or in several contracts of insurance. There is persuasion to the argument that the insured paid for this coverage, and accordingly, should be entitled to it, limited only by the amount of damages which may be judicially determined.
In conclusion, it is the opinion of this Court that the Plaintiffs are entitled to recover from the Defendant the sum of thirty thousand dollars as damages for the death of Timothy Wayne Bridges, killed as a pedestrian by a hit-and-run automobile. The Plaintiffs may submit a judgment consistent with this opinion.
Pursuant to this opinion a judgment was entered in favor of the appellees for $20,000, Hartford having paid into the registry of the court $10,000 admittedly due appellees. Hence, this appeal.
Appellant in its brief states that "the question on this appeal, and the only real question, is whether the appellees, under the uninsured motorists coverage of a single automobile policy are entitled to aggregate the amount of coverage provided for each person on each of the three insured automobiles." It is earnestly contended that our decision in Talbot is controlling and the trial court was in error in failing to follow it. In view of our later decisions, there is some doubt that Talbot was correctly decided, but in any event, it may be distinguished from the present case and is not controlling. When we analyze Talbot, we find that it stands for the proposition that an insurance company can legally insure more than one automobile in the same policy and limit its uninsured motorists coverage to the minimum amount specified by the financial responsibility law. However, as indicated in Talbot, this must be done by clear and unambiguous language. Especially is this true, where as here, the insurance company charges a separate premium for the uninsured motorists coverage on each automobile, not a lump sum premium as in Talbot. While the charging of a separate premium is not necessarily controlling in determining whether the insured has aggregate coverage under the uninsured motorists provision of the policy, when a separate premium is charged for uninsured motorists coverage it raises a presumption or inference that the coverage in the one policy is the same as would be furnished if such coverage was provided for in separate policies covering the same vehicles. Consequently, in order to limit this coverage it must be done in such clear and unambiguous language that it may be readily seen and understood by the insured that the coverage is limited. After carefully examining the policy in question as a whole and especially the limits of liability provision of the contract, we find ourselves in agreement with the trial judge and the holding of the Alabama court in Jackson that the limits of liability clause in this policy is *1382 ambiguous and must be construed most strongly against its creator. This being true, the trial court was correct in holding that the uninsured motorists coverage provided for in this policy could be aggregated and stacked to the extent of the damage suffered by the insured.
For the reasons stated, this case must be and is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.