Robert F. JOHNSTON, Bonnie Johnston and Katherine Jordan, a Minor, Plaintiffs-Appellants,

v.

SAFECO INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

No. 82–4504.

United States Court of Appeals, Fifth Circuit.

March 23, 1984.

George P. Collier, Memphis, Tenn., Peggy A. Jones, Holly Springs, Miss., for plaintiffs-appellants.

K.R. Shuttleworth, Memphis, Tenn., Dan W. Webb, Oxford, Miss., for defendant-appellee.

Before CLARK, Chief Judge, GARZA and JOLLY, Circuit Judges.

PER CURIAM.

The district court granted summary judgment to the defendant, Safeco Insurance Co. of America (Safeco). Because a genuine issue remained as to a material fact, we vacate the judgment appealed from.

On June 21, 1980, plaintiffs Robert F. Johnston, Bonnie Johnston and Katherine Jordan were riding in Mr. Johnston's automobile when it was struck by two uninsured vehicles. All three were injured and required medical care. Mr. Johnston's auto was insured by Safeco. The insurance policy provided liability limits in the amount of $25,000 per person and $50,000 per accident; uninsured motorist coverage in the amounts of $10,000 per person and $20,000 per accident, and $2000 per insured for medical expenses incurred as a result of injuries received in an automobile accident involving the insured vehicle.[1]

The plaintiffs sued Safeco on August 25, 1981. They alleged, based on their reading of Mississippi's uninsured motorist statute,[2] that the limits of their uninsured motorist coverage should be equivalent to the limits of their liability coverage. They also alleged that because the collisions that in-

---

1. In pertinent detail, the policy provides:

   The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle.

   \* \* \* \* \* \*

   The limit of uninsured motorists bodily injury liability stated in the Declarations as applicable to "each person" [$10,000] is the limit of the company's liability for all damages because of bodily injury sustained by one person as a result of any one accident and, subject to the above provision respecting "each person," the limit of liability stated in the Declarations as applicable to "each accident" [$20,000] is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as a result of any one accident.

2. § 83–11–101. Automobile liability policies to contain "uninsured motorist" and property damages provisions.

   (1) No automobile liability insurance policy or contract shall be issued or delivered ... unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance; *however, at the option of the insured, the uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance* of the insured *or such lesser limits as the insured elects to carry* over the minimum requirements set forth by this section. The coverage herein required shall not be applicable where any insured named in the policy shall reject the coverage in writing ... (emphasis added) MISS.CODE ANN. § 83–11–101 (1983 Supp.)

jured them constituted more than one accident, they were entitled to recover the policy limits for each accident.

The trial court ruled as a matter of law that Mississippi's uninsured motorist statute did not require limits equivalent to liability coverage limits. It also ruled that the number of accidents was irrelevant to the amount plaintiffs could recover. The court reasoned that because plaintiffs had stipulated that they could not "separate their damages and/or injuries" as among the three uninsured motorists involved in the collisions, they were precluded from recovering for more than one accident, or a total of $6000.00 medical payments plus $20,000 uninsured motorist coverage, a sum already paid by Safeco to the plaintiffs. It therefore held that no genuine issue of material fact existed and granted summary judgment to Safeco. This appeal followed.

■ Johnston argues that § 83–11–101 requires that if an insured has not orally or in writing elected uninsured motorist coverage limits lower than liability limits, equivalent liability and uninsured motorist coverage limits are implied by law. He relies for this construction on foreign case law construing uninsured motorist coverage statutes that are grossly different from Mississippi's.[3] The district court correctly relied on *Talbot v. State Farm Mutual Auto Insurance Co.,* 291 So.2d 699 (Miss.1974) to conclude that "under § 83–11–101, the only mandatory uninsured coverage is that set forth in the Mississippi Motor Vehicle Safety Responsibility Law," that is, 10,000/20,000 coverage.[4]

Johnston would distinguish *Talbot* because it was decided prior to the 1980 amendments to § 83–11–101. Johnston ultimately contends that the amended statute, (compare fn. 2 with fn. 4) *mandates* that uninsured coverage limits equal liability limits. This is incorrect. Rather, it clearly imposes responsibility on the insured to seek higher limits, if desired, than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law.[5]

■ Though the district court correctly interpreted § 83–11–101, it erred in granting summary judgment for Safeco. The question of how many accidents occurred is a factual one and material to the outcome

3. For example, the statute construed in *Beaux v. Gov't Emp. Ins. Co.,* 373 So.2d 1335 (La. 1st Cir.App.1979), required that:

*No automobile liability* insurance covering liability arising out of the ownership, maintenance or use of any motor vehicle *shall be delivered* or issued ... *unless coverage is provided* therein or supplemental thereto, *in not less than the limits of bodily injury liability provided by the policy,* under provisions filed with and approved by the Commissioner [for uninsured or underinsured motorist coverage] ...

LSA.REV.STAT. 22:1406(D)(1)(a) (1978). *See also Lumbermen's Mutual Casualty Co. v. Beaver,* 355 So.2d 441 (Fla.App.1978) (construing statute requiring uninsured motorist coverage "in an amount up to 100% of the liability insurance purchased by the named insured for bodily injury.")

4. When construed by the *Talbot* court, § 83–11–101 read:

**Automobile liability policies to contain "uninsured motorist" provisions.**

No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance. However, the coverage required herein shall not be applicable where any insured named in the policy shall reject the coverage in writing and, unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.

5. The Mississippi Supreme Court recently abandoned the portion of *Talbot* which held that aggregation of uninsured motorist coverage is not permitted where one policy, although covering multiple vehicles and charging separate premiums, contains clear, unambiguous language which limits the insurer's liability to the minimum statutory amount. *Government Employees Insurance Co. v. Brown,* —— So.2d ——, —— No. 53,996 (Feb. 8, 1984). This decision does not affect the portion of the *Talbot* opinion relied on herein.

of the case. Under the status of the proof it should not have been decided summarily. The facts showed that in rapid succession four vehicles were involved in three separate collisions. Vehicles 1, 2 and 3 were proceeding in that order in an easterly direction when vehicles 1 and 2 collided. Vehicle 2 veered across the center line and collided with plaintiffs' vehicle, which was proceeding in the opposite direction. Plaintiffs' vehicle next collided with vehicle 3, which had swerved across the center line to avoid the initial collision between vehicles 1 and 2. Plaintiffs stipulated that they could not identify the injuries sustained in the successive collisions between their vehicle and vehicles 2 and 3. The court's error lay in concluding that the plaintiff's stipulation rendered the number of accidents irrelevant.

In *D. & W. Jones, Inc. v. Collier,* 372 So.2d 288 (Miss.1979), the Supreme Court of Mississippi held that separate individuals whose independent acts allegedly combined to cause property damage could be jointly sued for "separate, concurrent, and successive negligent acts ... which combined to produce [a] single indivisible injury." *Id.* at 294. The plaintiffs' inability to apportion damages between the separate collisions which the uninsured vehicles does not prevent separate recoveries against these individual operators if they each can be shown to be tortfeasors whose successive negligent acts caused the collisions which produced the injuries to plaintiffs. The plaintiffs are not required to separate with precision the specific injuries they incurred in each of the concurrent collisions. Mississippi law requires certainty as to causation of damages, but that is not the issue because the fact that plaintiffs' total injuries were sustained in the two collisions is not in dispute. Mississippi is equally firm in its determination that a party will not be permitted to escape liability because of the lack of a perfect measure of the damages his wrong has caused. *Cf. Koehring Co. v. Hyde Construction Co.,* 254 Miss. 214, 178 So.2d 838, 853 (1965) (addressing damages for breach of contract). Today's facts do not present the same case at all as was presented by the

entirely separate and unrelated accidents which were the subject of *Dennis v. Prisock,* 254 Miss. 574, 181 So.2d 125 (1965), *appeal after remand,* 221 So.2d 706 (1969) relied on by defendants. There, in the first trial the proof showed a series of unrelated traumas and plaintiff failed to establish that the actions of the single defendant sued caused her back injury. Here the issue—whether the separate collisions were separate accidents or part of a single event—presents an issue of fact which is not resolved by the inability, if not the impossibility, of segregating the damage cumulatively caused by each of two separate collisions occurring only seconds apart. Since Mississippi law would not require plaintiffs to isolate their damages by tortfeasors in order to recover from either, the inability to do so cannot forfeit their right to prove the collisions were separate accidents. Therefore, we vacate the district court's grant of summary judgment for Safeco.

The judgment appealed from is VACATED and the cause REMANDED for further proceedings not inconsistent with this opinion.