Because I think the majority incorrectly distinguishes the facts in this case from those in Wickline v. United StatesFidelity Guaranty Co., 530 So.2d 708 (Miss. 1988), I dissent. In finding that the Davises are only entitled to UM benefits from their own policies and/or the policy covering the accident vehicle, the majority steps away from our long tradition of viewing *Page 1184 
UM coverage liberally from the perspective of the injured insured and opens the door for insurance companies to circumvent the intents and purposes of the UM statute by encouraging them to write only single vehicle policies.
Whether UM coverage is available is a matter to be decided from the perspective of the injured insured. State Farm MutualAutomobile Insurance Co. v. Nester, 459 So.2d 787, 790 (Miss. 1984); Harthcock v. State Farm Mutual Automobile Insurance Co.,248 So.2d 456 (Miss. 1971). We have long espoused a policy of liberally construing the Uninsured Motorist Act in favor of compensation. As we stated in Wickline:
 On numerous occasions this Court has observed that uninsured motorist insurance is designed to provide innocent injured motorists a means of compensation for injuries which they receive at the hands of an uninsured motorist, see, e.g. Harthcock v. State Farm Mutual Ins. Co., 248 So.2d 456, 460-61 (Miss. 1971), and this Court has further noted that the uninsured motorist Act must be liberally construed to achieve this purpose. Stevens v. U.S.F. G. Co., 345 So.2d 1041 (Miss. 1977); Parker v. Cottonbelt Ins. Co., Inc., 314 So.2d 342 (Miss. 1975); Lowery v. State Farm Mutual Automobile Ins. Co., 285 So.2d 767 (Miss. 1973); Hodges v. Canal Ins. Co., 223 So.2d 630 (Miss. 1969). In addition to determining the statutory purpose of the Act, this Court has looked to the policy in question and construed ambiguous provisions against the insured and in favor of the injured party to accomplish the statutory purpose. GEICO v. Brown, [446 So.2d 1002 (Miss. 1984)]; Hartford Accident Indemnity Co. v. Bridges, 350 So.2d 1379 (Miss. 1977); Pearthree v. Hartford Accident Indemnity Co., 373 So.2d 267
(Miss. 1979). Another rule of construction applied in our cases has been to hold unenforceable any policy provision that seeks to reduce the coverage required by the statute. Lowery v. State Farm Mutual Automobile Insurance Co., 285 So.2d 767 (Miss. 1973).
Wickline, 530 So.2d at 711-12.
We likewise have recognized that when multiple vehicles are owned by an insured, aggregating or stacking of the UM coverages on those vehicles is permitted to allow the insured to recover the total UM benefits for which premiums have been paid. InNester, as in the case sub judice, where the claimant had four separate policies on which he had paid four separate premiums, we affirmed the trial court's findings that the policies could be aggregated or stacked. Even State Farm conceded that each of the policies was applicable and enforceable. Id.
at 793. In Government Employees Insurance Co. v. Brown,446 So.2d 1002 (Miss. 1984), we reaffirmed the rule that "where an insured purchases more than one policy and pays the premium on more than one policy, that insured is entitled to collect on all such policies." Nester, 459 So.2d at 793. However, inPearthree v. Hartford Accident Indemnity Co., 373 So.2d 267
(Miss. 1979), where the record was unclear as to whether separate premiums had been paid for uninsured motorist coverage on two automobiles, we stated that "charging a separate premium would not necessarily determine the propriety of aggregating, although it is an element to be considered with other aspects of the case." The Pearthree Court allowed the aggregation or stacking of the owners' policies. As we further discussed in Wickline:
 Stacking is firmly imbedded in our uninsured motorist law. The sort of stacking here sought, i.e., stacking multiple coverages within a single policy, has been mandated in Brown [Brown v. Maryland Casualty Co., 521 So.2d 854 (Miss. 1987)], Pearthree [Pearthree v. Hartford Accident Indemnity Co., 373 So.2d 267 (Miss. 1979)] and Hartford Accident Indemnity Co. v. Bridges, 350 So.2d 1379 (Miss. 1977). See also St. Arnaud v. Allstate Insurance Co., 501 F. Supp. 192 (S.D.Miss. 1980). As with other types of stacking, the rationale offered is that multiple premiums are paid and multiple (stacked) coverages should *Page 1185 
be available. However, what is important is the fact that stacking has become a positive gloss upon our Uninsured Motorist Act.
 No one would question stacking were Mills Carter, Jr., the named insured, the plaintiff. A combined reading of Brown, Pearthree and Bridges
establishes as much. Are Stacy Wickline's personal representatives insureds of any less status than Carter? No, not if the statutory definition be respected. But it may be argued that stacking is only just in Carter's case because he paid the multiple premiums and this entitles him to the multiple coverages. Stacy Wickline paid no premiums. The point loses force when it is remembered that no third party beneficiaries give the consideration that yields an obligation he may of right enforce. Here Mills Carter, Jr., paid the premiums for the benefit of all insureds, including the statutory UM third party beneficiary Stacy Wickline. The advantage to U.S.F. 
G. from denying stacking here would be economically identical to that condemned in so many other contexts.
Wickline, 530 So.2d at 714-15.
In Cossitt v. Nationwide Mutual Insurance Co., 551 So.2d 879
(Miss. 1989), we further allowed aggregation or stacking of uninsured motorist coverage on three buses owned by a church, noting that while the case involved involved a business or commercial policy,
 It is a matter of common knowledge that many individual have from three to seven vehicles, or more, on one policy for family use. The policy is not considered to be a fleet policy.
Id. at 884.
We have recognized that UM protection is personal to the insured, that is, it is coverage for persons, not for vehicles.Nester, 459 So.2d at 793, quoting Appleman, Insurance Law and Practice § 5080. Thus, in Wickline, the Wicklines were allowed to recover UM benefits for four vehicles owned by the Carters, although their daughter was a guest passenger in only one of the cars. Although Stacy Wickline was an insured under the single policy covering all four cars, she did not meet the definition of insured with respect to the three vehicles not involved in the accident. Likewise, Tammy Davis was a guest passenger in only one of the three vehicles owned by the Holemans. Like the Carters, the Holemans paid premiums on all of their vehicles for the benefit of all insureds just as if the there had been a single policy. There is no question that Bradley King could benefit from the stacking of his mother and stepfather's three policies. Why then should the beneficiaries of another insured, Tammy Davis, be so denied? Had the Holemans insured their vehicles under one policy, stacking clearly would be permissible. Merely because three pieces of paper are involved rather than only one should not change the outcome anymore than it changes the amount of the premium paid.
To suggest that because the Holeman's three vehicles are outside the realm of stacking merely because they were carried on three separate State Farm policies rather than on a single policy invites insurance companies to thwart the principal of aggregating or stacking by refusing to issue multi-vehicle policies. Accordingly, I dissent.