**James Bruce CARROLL, Plaintiff,**

**v.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.**

**Civ. A. No. 73 S–209 (R).**

United States District Court,
S. D. Mississippi, S. D.

Feb. 20, 1974.

John L. Hunter, Pascagoula, Miss., for plaintiff.

Eldon L. Bolton, Jr., Gulfport, Miss., for defendant.

## OPINION OF THE COURT

DAN M. RUSSELL, Jr., Chief Judge.

Defendant has filed a motion for judgment on the pleadings which is before the Court for decision.

The facts giving rise to plaintiff's claim for $40,000.00 under coverage pertaining to "uninsured motorists" are undisputed. On July 14, 1972, the defendant issued to plaintiff a family automobile policy No. 583–65–32, affording uninsured motorist protection on three cars: a 1972 Cadillac, a 1969 Chevrolet and a 1969 Opel. On February 17, 1973, while the policy was in effect, plaintiff's wife, a named insured in the policy, was driving in the Cadillac and was killed in a collision due to the negligence of the other driver, an uninsured motorist. Under Part IV, Coverage J, "Limits of Liability," the defendant acknowledges that the sum of $10,000.00, being the limit of liability assigned to the Cadillac, is due plaintiff on account of the death of his wife. Although defendant also admits the loss exceeds the sum of $10,000.00, it contends that it owes no more than the limit assigned to the Cadillac. Defendant has tendered this sum in to the registry of the court, and by its motion for judgment on the pleadings seeks to be dismissed.

Plaintiff, in its response to the motion, contends that plaintiff owned four automobiles at the time of Mrs. Carroll's death covered under the aforesaid policy and that said policy, by extending uninsured motorists coverage to each vehicle for which a separate premium was charged, is liable for recovery on each vehicle in the sum of $40,000.00.

Counsel for both parties have cited no Mississippi case precisely in point. Plaintiff relies on an Alabama case, Employers' Liability Assurance Corporation, Ltd. v. Jackson, 289 Ala. 673, 270 So.2d 806, which allowed "stacking" of the coverage. In this case two passengers, Charlie Jackson and Cecilia Jackson, while passengers in a vehicle driven by Mary Bell, and Mary Bell were all three injured in a collision with an uninsured motorist. Bell's policy with State Farm Mutual Automobile Insurance Company included uninsured motorist coverage. State Farm made payments to all three injured. The two Jacksons then filed separate, later consolidated, actions against Cecilia Jackson's own liability insurer, Employers' Liability Assurance Corp., Ltd., which had issued coverage in one policy for two cars, a 1965 Chevrolet and a 1961 Pontiac, and which likewise contained uninsured motorist coverage. The first question considered by the Alabama Supreme Court was whether the Jacksons, who collected under the uninsured motorist coverage of the car in which they were passengers, can then collect under the uninsured motorist provisions of Cecilia Jackson's policy. The court found that the Jacksons could so recover, citing earlier applicable holdings.

The second question, admitted as one of first impression in Alabama, was whether the "limits of liability" clause of Employers was so written as to not reasonably convey to the insured the fact that he was not entitled to full indemnity based upon payment of two separate premiums for uninsured motorist coverage. The court agreed with the trial court in finding the policy language both ambiguous and difficult to understand, and said if it were intended by the insurer to restrict the limit of liability in one policy where more than one automobile is covered, this could have been very easily accomplished in plain, unmistakable language. The Court, on this basis, held that the Jacksons were insured as to the two vehicles covered by Employers, whether the policies were separate or whether both vehicles were listed in the same policy, and awarded recovery on the basis of both cars.

The identical situation presented by the second question in Employers, etc. v. Jackson, supra, is present here. The defendant, however, claims that language in its policy appearing in Part IV, Coverage J, "Limits of Liability" does, in plain and simple language, limit the maximum coverage allocated to the vehicle being driven by the deceased.

This language is as follows:

*"Regardless of the number of automobiles or trailers to which this policy applies*, the limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident; and, subject to the above provisions respecting each person, *regardless of the number of automobiles or trailers to which this policy applies*, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident." (Emphasis added).

Defendants' explanation is that stacked coverage should not be allowed, even though a separate premium is charged for each vehicle, for the reason that exposure to risk is increased as the number of covered vehicles is increased.

The Court agrees with defendant's interpretation of the policy limits and finds that it is subject to no other.

The motion for summary judgment on the pleadings is sustained.

As defendant has tendered the sum of $10,000.00 into the registry of the court in full payment and satisfaction of defendant's liability for the death of Mrs. Dorothy Ann Wright Carroll under the uninsured motorists provision of defendant's Policy No. 583–65–32, the cause shall be dismissed.

An appropriate order or orders may be submitted with court costs assessed to the plaintiff.