323 So.2d 536 (1975)
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY
v.
Mary ROBERTS, Guardian of Estate of Drexell Ray Roberts, a minor.
No. 48386.
Supreme Court of Mississippi.
December 8, 1975.
Heidelberg, Woodliff & Franks, W. Swan Yerger, Robert T. Gordon, Jr., Jackson, for appellant.
Liston & Upshaw, Winona, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and BROOM, JJ.
ROBERTSON, Justice:
The principal question raised on the appeal of this case is whether the $10,000 coverage afforded by the uninsured motorist endorsement to three separate policies issued by the same insurer, Southern Farm Bureau Casualty Insurance Company, to the same insured, Henry Roberts, the father of Drexell Ray Roberts, minor, can be aggregated or stacked to cover damages for bodily injuries suffered as a proximate result of the negligence of an uninsured motorist.
The Circuit Court of Montgomery County sustained a motion by the Plaintiff, Mary Roberts, mother and guardian of Drexell Ray Roberts, to strike the affirmative defense included in the insurer's answer, that its liability, if any, was limited to $10,000, the coverage afforded by only one uninsured motorist endorsement, even though a separate endorsement was included in each of three separate insurance policies.
*537 About 7:15 p.m. on March 9, 1973, 17-year-old Drexell Ray Roberts was riding as a passenger on the front seat of a panel truck driven by his cousin, 16-year-old Michael Roberts. As they proceeded south on State highway 407 near Winona, Mississippi, they overtook Robert White, who was also driving south on highway 407 in his 1963 Chevrolet. As Michael Roberts started to pass, White attempted to turn left into Milligan Springs Road. White saw Roberts' panel truck too late to get back in his southbound lane and White's car hit the right front of Roberts' truck, causing it to go off of the east side of highway 407 and wreck. Passenger Drexell Roberts was badly injured.
Appellee Mary Roberts settled the claim of her minor son, Drexell Roberts, against Michael Roberts, the driver of the panel truck in which Drexell was riding, with Michael Roberts' insurance carrier for the sum of $10,500, and executed a covenant not to sue.
Robert White was an uninsured motorist, and Mary Roberts, mother of Drexell, brought suit against Southern Farm Bureau Casualty Insurance Company, who had issued three separate policies, each on a different automobile, to Henry Roberts, father of Drexell Roberts. Suit was brought for $30,000, inasmuch as an uninsured motorist endorsement was included in each policy. The jury returned a verdict for $30,000.
Although there are 15 assignments of error, most of them are encompassed in these two issues:
1. Whether the uninsured motorist clause in three separate and distinct contracts of insurance can be aggregated, and
2. If such endorsements can be aggregated, is the insurer entitled to a credit of $10,500, the amount recovered in a settlement with the other tort feasor, Michael Roberts?
Mississippi Code Annotated section 83-11-101 (Supp. 1975), provides:
"No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance; ... ." (Emphasis added).
It was stipulated at the trial that three separate policies of insurance on three separate motor vehicles had been issued by Southern Farm to Henry Roberts, father of Drexell Roberts; that the three policies were in effect at the time of the accident; and that each of the three contracts of insurance contained an uninsured motorist endorsement, providing:
"4. Limits of Liability. (a) The limits of liability for bodily injury under this endorsement shall not exceed the minimum limits required by the Uninsured Motorist statute of the state in which this endorsement is issued." (Emphasis added).
$10,000 was the minimum limit set by statute for each uninsured motorist endorsement. [Mississippi Code Annotated Section 63-15-43(2)(b) (Supp. 1975)].
It is clear to us under the specific language of each endorsement to each separate policy and under the specific requirement of the statute, as to what each "automobile liability insurance policy or contract" shall contain, that the appellee can aggregate the $10,000 coverage under each endorsement until her ward and son, Drexell, has recovered "all sums which he shall be legally entitled to recover as damages for *538 bodily injury or death from the owner or operator of an uninsured motor vehicle."
As mandatorily required by statute, each policy of insurance contained the uninsured motorist endorsement and each policy was complete within itself.
This same question was before the Supreme Court of Minnesota in Van Tassel v. Horace Mann Mutual Insurance Company, 296 Minn. 181, 207 N.W.2d 348 (1973). That Court answered the contention of the insurer in this way:
"It seems to us that, in spite of the attempt by the insurer to limit its liability to one policy or to the amount recoverable under one policy, the fact that the legislature required an uninsured-motorist provision in all policies, added to the fact that a premium has been collected on each of the policies involved, should result in the policyholder's receiving what he paid for on each policy, up to the full amount of his damages. It is true that such holding results in permissible recovery exceeding what he would have received if the uninsured motorist had been insured for the minimum amount required under our Safety Responsibility Act. But if the question must be resolved on the basis of who gets a windfall, it seems more just that the insured who has paid a premium should get all he paid for rather than that the insurer should escape liability for that for which it collected a premium." 207 N.W.2d at 351-52.
This is sound reasoning and is applicable to the case before us.
Talbot v. State Farm Mutual Automobile Insurance Company, 291 So.2d 699 (Miss. 1974), is not in conflict. In Talbot there was only one insurance policy with one uninsured motorist endorsement covering a fleet of four automobiles. The statute (§ 83-11-101), requires an uninsured motorist endorsement to each policy.
In the case at bar, there were three separate policies and, as required by statute an uninsured motorist endorsement in each policy. A separate premium was paid for each policy, and each policy with its uninsured motorist endorsement was complete within itself. The fact that all three policies were issued by the same insurance company to the same insured makes no difference. The insurer was paid a separate premium for each policy, the same as if there were three separate policies issued by three separate insurance companies.
Appellant contends that it should be given credit for the $10,500 paid by the liability insurer of Michael Roberts under this language of its policy:
"(c) Any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an Insured under this coverage shall be reduced by:
"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization who may be liable together with such owner or operator for such bodily injury including all sums paid under the Bodily Injury Liability Coverage of the policy, ... ."
This same contention was made in Harthcock v. State Farm Mutual Automobile Insurance Company, 248 So.2d 456 (Miss. 1971). We answered:
"There is nothing in our statute to suggest that the existence of Roark's liability insurance limits or extinguishes the coverage of the uninsured coverage provided by the State Farm and Universal policies. An injured person may recover damages only once, and one joint tort-feasor is released pro tanto upon payment by another joint tort-feasor of less than full damages. If plaintiff had been paid the full amount of her damages by Roark's insurer, she could not recover further damages from anyone. But the Roark settlement does not extinguish the coverage of the uninsured motorists insurance because plaintiff sustained uncollected damages of $10,000, after crediting the amount received from Roark." 248 So.2d at 459.
*539 The same reasoning holds true in the case at bar. The jury, apprized of the fact that Drexell Roberts had already recovered $10,500 damages, found that he was entitled to $30,000 more in order to make him whole.
We have carefully considered the other assignments of error and the appellant's arguments thereasto. We feel that under the particular circumstances of this case that the trial court was correct in its rulings. All of the other assignments of error were merely incidental to the decision of the main question: Whether the coverage of the uninsured motorist endorsement included in three separate policies of insurance could be aggregated. Having answered that question in the affirmative, the other assignments of error become unimportant and fall by the wayside.
The judgment of the trial court is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.