329 So.2d 670 (1976)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Mrs. Huett E. BISHOP.
No. 48627.
Supreme Court of Mississippi.
April 13, 1976.
*671 Bryan, Nelson, Allen & Schroeder, James W. Backstrom, Pascagoula, for appellant.
Cumbest & Cumbest, John L. Hunter, Pascagoula, for appellee.
Before INZER, SUGG and WALKER, JJ.
INZER, Presiding Justice:
Appellee, Mrs. Bishop, brought this suit in the Circuit Court of Jackson County against appellant State Farm Mutual Automobile Insurance Company alleging that she was an insured under two policies of insurance issued by the defendant insurance company and that under the provisions of the insurance policies each policy provided for $10,000 per person and $20,000 for each accident for bodily injury and for damages caused by an uninsured motorist.
It was further alleged that on May 20, 1973, while a passenger in one of the automobiles insured by State Farm, she was severely injured in an accident caused by the negligence of an uninsured motorist and as a result thereof she suffered permanent injuries and in addition medical, hospital, and drug bills in excess of $6,500. It was alleged that one of the policies provided for medical benefits which the insurance company refused to pay.
It was also alleged that although the insurance company admitted that it was liable for $10,000 coverage under the terms of one policy, it refused to pay any amount unless the plaintiff would sign a complete release as to both policies and that this action on the part of the insurance company was a willful, obstinate and gross breach of said contracts so as to impute malice and to show a willful disregard for the rights of the plaintiff. As a proximate result of this action, plaintiff suffered embarrassment, emotional and mental distress and financial hardship. A demand was made for $20,000 due under the policies, plus medical benefits, actual and punitive damages, together with interest.
The defendant answered and admitted that its total liability would be $10,000 but denied that it was liable for any coverage for the policy covering an automobile not involved in the accident. It denied that it was liable for $6,500 medical expenses but admitted that certain medical expenses *672 would be due the plaintiff. It alleged that it made a good faith effort to settle the case within the limits of its liability under the policies of insurance, but the plaintiff refused to accept the same and was then demanding more than was due.
The case was tried before the circuit judge without the intervention of a jury. At the trial it was stipulated that Mrs. Bishop was seriously injured on May 20, 1973, in an automobile accident caused by the negligence of an uninsured motorist. It was also stipulated that her damages would support a verdict in excess of $20,000 and that at the time of the accident Mrs. Bishop was an insured under two separate policies on automobiles owned by the husband of Mrs. Bishop. One policy covered a Plymouth automobile in which Mrs. Bishop was riding at the time of the accident and the other an Opel. Each policy provided for $10,000 for bodily injuries or death of one person and $20,000 for bodily injuries or death of two or more persons. One of the policies provided for up to $1,000 for medical benefits. It was further stipulated that these policies were in full force and effect at the time of the accident and that separate premiums were paid and charged for each policy.
The trial judge held that our decision in Harthcock v. State Farm Mutual Automobile Insurance Co., 248 So.2d 456 (Miss. 1971), was controlling as to allow Mrs. Bishop to recover $10,000 under each policy for an aggregate of $20,000 for bodily injury and $1,000, less $399 previously paid by the insurance company under the medical pay provision of one policy. The trial court also held that the insurance company was liable for interest from ninety days after the accident but denied any further actual or punitive damages.
On appeal State Farm first contends that the trial court was in error in holding that the two separate policies could be aggregated or stacked to cover damages for bodily injuries suffered by Mrs. Bishop as a proximate result of the negligence of an uninsured motorist.
While this case was on appeal we decided Southern Farm Bureau Casualty Insurance Co. v. Roberts, 323 So.2d 536 (Miss. 1975), which is decisive of the appellant's contention in this regard. That case involved three separate insurance policies issued by the same insurance company containing as required by statute an uninsured motorist endorsement under each policy. We held in that case that they could be aggregated or stacked to cover damages resulting from the negligence of an uninsured motorist, and in so doing, we followed our decision in Harthcock, supra, relied upon by the trial judge. However, the appellant argues that Roberts is not controlling here because of the difference of the wording of the policies. It is contended that since its policy specifically states, "The limits of liability stated in the declarations as applicable to `each person' is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person in any one accident," that its total liability is limited to $10,000 under both policies. We find no merit in this contention. In Roberts, supra, we stated:
It is clear to us under the specific language of each endorsement to each separate policy and under the specific requirement of the statute, as to what each "automobile liability insurance policy or contract" shall contain, that the appellee can aggregate the $10,000 coverage under each endorsement until her ward and son, Drexell, has recovered "all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle."
As mandatorily required by statute, each policy of insurance contained the uninsured motorist endorsement and each policy was complete within itself. (323 So.2d at 537, 538).
*673 An insurance company cannot by the provisions in one uninsured motorist endorsement limit its liability and endorsement in a separate policy and defeat the mandatory provisions of the statute.
Appellant also contends that the trial court was in error in granting interest prior to judgment in circuit court because its liability was unliquidated. It is a general rule that in actions for a breach of contract of insurance, when the amount which the insured is entitled to under the contract is withheld after payment is due, interest on such amount can be allowed as damages. However, an exception to this rule is sometimes made when the amount due is uncertain or unliquidated. We held in Commercial Union Insurance Co. v. Byrne, 248 So.2d 777 (Miss. 1971) that when there is a justifiable dispute as to the amount due, an insured is not entitled to interest until the amount due under the contract is made certain or liquidated unless the trial court in its discretion finds that the facts and circumstances of the particular case justify the allowance of interest prior to the judgment. Therefore, the question in this case is whether the trial court abused its discretion in allowing interest in this case prior to judgment. After a careful review of the evidence we cannot say that it did. The facts show that within a short time after the accident, the insurance company knew that the motorist whose negligence caused the accident was uninsured. They also knew that Mrs. Bishop had suffered severe and permanent injuries to the extent that they agreed to pay her $10,000 if she would give them a full release. They knew that this offer was refused because Mrs. Bishop was claiming that she was entitled to recover under both policies. After Mrs. Bishop employed counsel, her attorney tried to get the insurance company to pay the coverage under the policy on the automobile involved in the accident and take a release as to that policy and then litigate as to whether the other policy afforded coverage. This the company refused to do. It refused to pay her medical benefits or any amount unless she would execute a full release as to both policies, although it knew that Mrs. Bishop was in a financial bind as a result of the accident. Under the facts and circumstances of this case the trial court could find that the actions of the insurance company were arbitrary and they did not deal with the insured in good faith and fairness.
For the reasons stated, we are of the opinion that this case should be and it is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.