**CHEROKEE INSURANCE COMPANY, Plaintiff,**

v.

**Daniel G. ELLIS et al., Defendants.**

**Civ. A. No. J73–33(R).**

United States District Court,
S. D. Mississippi,
Jackson Division.

Dec. 28, 1976.

James L. Carroll, Jackson, Miss., for plaintiff.

Thomas W. Tyner, Hattiesburg, Miss., for defendant.

## OPINION

DAN M. RUSSELL, Jr., Chief Judge.

Following an entry of judgment for the defendant corporation in the sum of $88,-428.17, with interest from date of judgment, the defendant filed a motion to alter or amend its judgment by granting prejudgment interest and attorney fees, neither of which were allowed in the Court's opinion and judgment rendered thereon. The motion has been briefed to the Court and is ready for disposition.

This being a diversity case, defendant claims that under Mississippi authorities this is such a case as warrants the imposition of prejudgment interest and attorney fees. The defendant admits that in the decisions of *Commercial Union Assurance Co. v. Byrne*, Miss., 248 So.2d 777; *Lititz Mutual Insurance Co. v. Boatner*, Miss., 254 So.2d 765; and *Grace v. Lititz Mutual Insurance Co.*, Miss., 257 So.2d 217, the Mississippi Supreme Court does not allow pre-

judgment interest where not only liability but the amount of damages are in dispute. In a more recent case, *State Farm Mutual Automobile Insurance Co. v. Bishop*, Miss., 329 So.2d 670, prejudgment interest was awarded. In *Bishop*, the court alluded to its language in *Byrne* to the effect that when there is a justifiable dispute as to the amount due, an insured is not entitled to prejudgment interest until the amount due under the contract is made certain or liquidated *unless the trial court in its discretion finds that facts and circumstances* of the particular case justify the allowance of interest prior to judgment. The state court found the facts in *Bishop* such as to warrant the imposition of interest. In *Bishop* two policies for coverage against an uninsured motorist's negligence were involved. In an earlier case, *Harthcock v. State Farm Mutual Insurance Co.*, Miss., 248 So.2d 456, the Mississippi court made it clear that such policies could be aggregated or stacked. Accordingly, in *Bishop*, when the insurer admitted it owed the full amount of one policy, but conditioned its offer of settlement of that amount on a full release of the coverage in both policies, the court said an insurance company cannot by the provisions in one uninsured motorist endorsement limit its liability and endorsement in a separate policy and defeat the mandatory provisions of the statute. The amount of liability being certain, the *Bishop* court allowed prejudgment interest.

Comparing the facts to this case, it is true that Cherokee in a pre-trial order, which, incidentally, was not made a part of the record, claimed that if the Court found the policy valid, then the fire of July 12, 1972 did not exceed the sum of $30,682.96, and the fire of July 30, 1972, did not exceed the sum of $54,817.56. However, inasmuch as liability was disputed, the Court did not treat the pre-trial position of Cherokee as an admission of liability up to those amounts.

Insofar as the trial itself was concerned, Cherokee, as plaintiff, sought a declaratory judgment avoiding liability, and, alternatively, if the Court found the policy valid,

requested the Court to limit recovery to the repair estimates made by its adjuster. As pointed out by Cherokee, when it refused to accept defendant's proofs of claim, it filed suit within 90 days thereof, and within 60 days of defendants' examination under oath, seeking not only an adjudication of the extent of liability, but avoidance of liability. The Court did not treat the grounds for avoidance as frivolous, and therefore feels it was justified in not awarding pre-judgment interest and defendant's attorney fees.[1] The period of time that has elapsed since the filing of the suit and a final judgment thereon, including disposition of this motion, cannot be blamed on the plaintiff.

Accordingly, the Court denies defendant's motion to alter or amend the judgment.

An order to this effect may be submitted within the time provided by the local rules of the Court.

---

1. As to attorney fees, the Court does not find the cases cited by defendant applicable.