Herbert HALL, Plaintiff-Appellee,

v.

AETNA CASUALTY AND SURETY CO., etc. et al., Defendants-Appellants,

Employers National Insurance Company, Intervenor-Appellee.

No. 78–1880.

United States Court of Appeals, Fifth Circuit.

May 19, 1980.

Daniel A. Pike, Mobile, Ala., for defendants-appellants.

Diamond, Lattof & Gardner, Ross Diamond, III, Mobile, Ala., for Herbert Hall.

W. Boyd Reeves, Douglas L. Brown, Mobile, Ala., for Employers Nat'l Ins. Co.

---

Before GEE, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

On October 17, 1975, Herbert Hall, a longshoreman employed by Cooper Stevedoring Company, Inc., was working on board the S.S. Oriental Banker while the vessel was moored at the Alabama State Docks. An employee of the state docks negligently dropped a load of scrap iron into the hold of the vessel and seriously injured Hall.

Hall sued Aetna Casualty and Surety Co. as the docks' insurer under the direct action statute found in section 33-1-25 of the Code of Alabama (1975).[1] Appellee, Employers

---

1. Section 33–1–25 of the Code of Alabama (1975) provides in pertinent part,

    The state docks department is hereby authorized to . . . provide insurance for the payment of damages on account of the injury to or death of persons, . . ..

[A]ny contracts of insurance herein authorized may, in the discretion of the director of the department, provide for a direct right of action against the insurance carrier for the enforcement of any such claims or causes of action.

National Insurance Company, the workmen's compensation carrier for Hall's employer, intervened seeking recovery of compensation paid to Hall.

■ Aetna's answer denied only that the claimed negligence proximately caused the alleged injury. It also alleged contributory negligence and the assumption of risk by Hall, but it did not contest insurance coverage at any time before trial. During pretrial discovery Aetna produced what purported to be a copy of its comprehensive liability policy. According to Aetna the produced copy did not include Exclusion "(e)" which is critical to its contentions on appeal.[2]

Trial began on December 8, 1977. After plaintiff rested, Aetna attempted to amend its answer to assert that the accident in which plaintiff was injured was not covered by operation of Exclusion "(e)." The court denied the motion for leave to amend. Thereafter Aetna attempted to introduce into evidence a copy of an insurance policy including Exclusion "(e)." The offer was denied.

After the jury began its deliberations it asked the court for answers to four factual questions.[3] Over Aetna's objection the court allowed the reopening of the case, recalled five witnesses and conducted brief examinations in response to the jury's inquiries. The jury resumed its deliberations and returned a verdict in Hall's favor.

Aetna contends that the evidence of insurance coverage was insufficient, that the court abused its discretion in denying Aetna's motion to amend, that the court erred in refusing to allow introduction of the proffered copy of Aetna's policy, and that the court abused its discretion in reopening the case. We affirm.

■ Aetna primarily argues that the trial court erred in denying it permission to amend its answer in order to contest coverage. A parallel contention involves the trial court's refusal of the Aetna policy. Under Federal Rule of Civil Procedure 15(a) leave of court was clearly required for the amendment, which Aetna offered midway through the trial. According to Moore's Federal Practice,

> Allowance of amendments lies in the discretion of the district court, and the allowance of or refusal to permit amendment is not subject to review on appeal except for abuse of discretion; . . . . .

.    .    .    .    .

> The more common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is not offered in good faith, or that the party has had sufficient opportunity to state a claim and has failed.

> The above reasons are, of course, not exhaustive. And a Court may deny leave to amend for some other good and sufficient reason.

3 Moore's Federal Practice ¶ 15.08[4], at 15–84 to 15–100 (2d ed. 1979) (footnotes omitted).

■ Aetna is charged with knowledge of the contents of its own policy. It had ample opportunity to amend its answer throughout the pendency of the case, and the district court was liberal in granting it leave to do so. The trial judge recognized, however, that this final amendment would clearly prejudice the opposing party and

2. Aetna urges that, because the furnished version of the policy included Special Endorsement No. 2 which referred to exclusion "(e)," plaintiff was put on notice of the exclusion. Aetna's duty, however, was to produce its entire contract, and purportedly it did so. Special Endorsement No. 2 by itself is incomprehensible in that it is not referenced to any particular coverage.

3. The jury wanted to know "The size of the chute, the configuration of the chute, how a person gets down in it to unclog it, and how you get down into the chute." The chute was the device down which the scrap iron was dumped into the ship's hold. Hall and a co-worker were engaged in unstopping the clogged chute when the accident occurred.

simply came too late. The holdings in this court make clear that under circumstances like these the trial court is not guilty of an abuse of discretion when it denies leave to amend. *See Combee v. Shell Oil Co.*, 615 F.2d 698 (5th Cir. 1980); *Lamar v. American Finance System of Fulton County, Inc.*, 577 F.2d 953 (5th Cir. 1978); *Dunn v. Koehring Co.*, 546 F.2d 1193 (5th Cir. 1977); *Nevels v. Ford Motor Co.*, 439 F.2d 251 (5th Cir. 1971); *Freeman v. Continental Gin Co.*, 381 F.2d 459 (5th Cir. 1967).

The correctness of that conclusion is reinforced, however, when we consider Aetna's parallel contention. Aetna proffered what it contended was a copy of the relevant policy, which was marked for identification as Defendant's Exhibit No. 1. Examination of that exhibit, however, reveals that it was not admissible and would not have supported the amendment under any circumstances. The accident occurred on October 17, 1975. Defendant's Exhibit No. 1 is a policy covering the period from February 1, 1976, to February 1, 1977, a time wholly unrelated to Hall's accident.

■ In summary, (1) the policy produced before trial by Aetna affords coverage; (2) Aetna effectively admitted coverage at all times until the middle of the trial, after plaintiff had rested; (3) Aetna then contended that it somehow had overlooked and failed to produce an exclusion that would have eliminated coverage; and (4) to prove the exclusion it proffered a policy that was not in effect on the date of the accident. We perceive neither error in the rejection of the policy nor abuse of discretion in refusing Aetna leave to amend under these most unusual, indeed to us inexplicable, circumstances.

■ Aetna challenges the sufficiency of the evidence contending that Hall did not introduce a copy of the insurance policy. In his complaint Hall alleged the existence and coverage of Aetna's policy, which was issued pursuant to section 33–1–25 of the Code of Alabama. Aetna's answers denied only that the claimed negligence was the proximate cause of Hall's injuries. Under Federal Rule of Civil Procedure 8(d), the effect of its failure to deny coverage under its policy was to admit this coverage. *See Sinclair Refining Co. v. Howell*, 222 F.2d 637, 639 (5th Cir. 1955). In addition, the alleged insurance coverage was admitted in Aetna's answers to interrogatories which were introduced at trial. Under these circumstances the sufficiency of Hall's evidence did not depend upon proof of an uncontested issue.

■ The jury apparently was confused about the physical layout of the place where the accident occurred. It requested clarification. Because the court concluded that limited additional testimony was necessary to aid the jurors in reaching their decision, it reopened the case for the limited purpose of responding to the jury's inquiry. This matter clearly was within the discretion of the trial court. *See Brody v. Aetna Casualty & Surety Co.*, 438 F.2d 1148 (5th Cir.), *cert. denied*, 404 U.S. 940, 92 S.Ct. 273, 30 L.Ed.2d 253 (1971); *Louisiana Ry. & Nav. Co. v. Williams*, 272 F. 439 (5th Cir.), *writ of error dismissed*, 257 U.S. 610, 42 S.Ct. 48, 66 L.Ed. 396 (1921); *Caracci v. Brother International Sewing Machine Corp.*, 222 F.Supp. 769 (E.D.La.1963), *aff'd*, 341 F.2d 377 (5th Cir. 1965). After careful review of the record we perceive no basis for concluding that its discretion was abused.

AFFIRMED.