Michael ST. ARNAUD, a Minor by and through his Father and Next Friend, John L. St. Arnaud, and John L. St. Arnaud, Individually, and as Representative of a Class, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

Civ. A. No. S79–193(R).

United States District Court, S. D. Mississippi, S. D.

Oct. 31, 1980.

Gerald Blessey, Dempsey M. Levi, Springs, Ocean, Miss., Sandy Steckler, Blessey & Cavanaugh, Biloxi, Miss., for plaintiffs.

Harry Allen, Tom Norman, Jon McKay Northbrook, Ill., Bryan, Nelson, Allen, Schroeder & Cobb, Gulfport, Miss., for defendant.

OPINION REGARDING DEFENDANT–ALLSTATE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DAN M. RUSSELL, Jr., Chief Judge.

The issue presented by Defendant's Motion for Partial Summary Judgment is whether, under an Allstate policy covering more than one automobile, the uninsured motorist coverage limits of liability purchased in reference to each car may be aggregated or stacked in determining the "limits of liability" as the phrase is used to define an underinsured automobile.

In August, 1976, Michael St. Arnaud was struck and severely injured by a car driven by Mitchell Ashmore. The Ashmore vehicle was insured under a policy of liability insurance issued by Dairyland Insurance Company having policy limits of $10,000 for each person injured and $20,000 for each occurrence ($10,000/$20,000). Because two other persons were injured in the same accident, Ashmore's insurer paid St. Arnaud one–third of the $20,000 coverage limit

($6,666.67) as full settlement of all liabilities arising from this single occurrence.

At the time of this accident, Plaintiff had in effect an insurance policy with uninsured motorist coverage applicable to a 1973 Pontiac ($10,000/$20,000), and a 1966 Corvette ($10,000/$20,000) and a 1970 Volkswagen ($10,000/$20,000). Separate premiums were charged with respect to each automobile. Plaintiff filed a claim against the Defendant pursuant to the uninsured motorist coverage of his policy which he contends protects him from injuries suffered due to the negligence of an uninsured motorist in the aggregate amount of $30,000/$60,000. Plaintiff asserts that this final figure is obtained by adding the Declarations as stated under the policy to obtain the sum of the limits of liability. Defendant refused to pay the claim and the Plaintiff then brought this action to enforce his right of reimbursement under the policy alleging that his loss was covered by uninsured motorist coverage and specifically by the underinsured motorist feature of that policy.

The pertinent provisions of the Plaintiff's uninsured motorist coverage as set forth in the Amendatory Endorsement state that: An "uninsured automobile" means [1]: (c) An underinsured automobile as defined:

(5) "Underinsured automobile" means a motor vehicle with respect to the ownership, maintenance or use of which the sum of limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable *limits* of liability *under this insurance* : provided, however, that the limits of liability for Coverage SS–Uninsured Motorist Coverage stated in the Declarations exceed the amounts specified for bodily injury liability by the financial responsibility law of the state in which they are principally garaged.[2] [emphasis added].

The "Limits of Liability" of Allstate's policy under the uninsured motorist coverage state that:

"(6)(a) The limit of liability stated in the Declarations as applicable to 'each person' is the limit of Allstate's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the Declarations as applicable to 'each accident' is the total limit of Allstate's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

"(6)(d) Allstate shall not be obligated to make any payment because of bodily injury to which this insurance applies and which arises out of the ownership, maintenance or use of an underinsured automobile until after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident with respect to such automobile have been exhausted by payment of judgments or settlements."

Since the language of the Plaintiff's insurance policy clearly includes an underinsured motorist within its definition of an uninsured motorist, it is therefore necessary to first determine if the limits of liability applicable to the uninsured motorist coverage under Plaintiff's policy covering three

---

1. Miss.Code Ann. § 83 11 103 (Supp.1980), effective January 1, 1980, includes within the definition of an "uninsured motor vehicle" . . ." (c)(iii) "[a][n] insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for the insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage . . ." Although Allstate voluntarily included within its uninsured motorist coverage a provision pertaining to underinsured motorist coverage, the issues encountered by this Court are similar to those that would be raised pursuant to this statute.

2. Miss.Code Ann. § 63 -15--43(2)(b) (Supp.1980) states that the amounts specified for bodily injury liability by the financial responsibility law of the state are $10,000 because of bodily injury or death of one person in any one accident, $20,000 because of bodily injury or death of two or more persons in any one accident, and $5,000 because of injury to or destruction of property of others in any one accident.

automobiles can be aggregated or stacked. The ability to stack uninsured motorist coverage is well–established in Mississippi. In 1975, the Mississippi Supreme Court, in *Southern Farm Bureau Casualty Insurance Co. v. Roberts*, 323 So.2d 536 (Miss.1975), held that the plaintiff could aggregate the $10,000 coverage under the uninsured motorist endorsement on three separate insurance policies in order to recover all sums he was legally entitled to as damages for bodily injury. *Id.* at 537. In support of its holding, the Court reasoned that since each policy was statutorily required to have an uninsured motorist endorsement, and since premiums were charged and collected on each policy, then the policyholder should be able to collect on what he has paid for. *Id.* at 538.

One year later, in *State Farm Mutual Auto Insurance Co. v. Bishop*, 329 So.2d 671 (Miss.1976), the Mississippi Supreme Court relied on *Roberts, supra* to allow aggregation of two separate policies containing an uninsured motorist endorsement in each. *Id.* at 672. In *Hartford Accident and Indemnity Co. v. Bridges*, 350 So.2d 1379 (Miss.1977), the Supreme Court again relied upon *Roberts* to allow plaintiff to aggregate the limits of liability for uninsured motorist coverages in one policy covering three cars. *Id.* at 1381. The Court justified its holding on the premise that the insured had been charged for the premiums on each car and had paid the premium for each, and, therefore, was entitled to the benefits accruing thereunder. *Id.* Furthermore, "when a separate premium is charged for uninsured coverage, it raises the inference or presumption that the coverage in the one policy is the same as would be furnished if such coverage was provided for in separate policies covering the same vehicles." *Id.* at 1381. Defendant contends that this statement disavows Plaintiff's attempt to aggregate his uninsured motorist coverage. However, this interpretation totally ignores the dictate of the Mississippi Supreme Court in *Bishop, supra* and *Roberts, supra* where the plaintiffs were allowed to aggregate their uninsured motorist coverage under two and three policies, respectively, to determine the scope of the limits of liability pursuant to the uninsured motorist coverage.

In *Pearthree v. Hartford Accident & Indemnity Co.*, 373 So.2d 267 (Miss.1979), the Supreme Court again held that the plaintiff could aggregate the limits of liability clause in an insurance policy providing uninsured coverage on two cars to determine the liability of the insured. *Id.* at 268. In finding that the present case fell within the parameters established by *Bridges, supra*, the Court noted that the "... construction permitting aggregation flows from the ambiguity of the limiting clause in the policies covering more than one car, not from charging separate premiums." *Id.* at 270.

Such an ambiguity exists in the terms of the insurance policy in the case *sub judice* which leads this Court to the conclusion that stacking of the uninsured motorist coverage is allowed to determine the insurer's limits of liability under the underinsured motorist provision. In defining the term "underinsured automobile", the policy clearly states that an uninsured automobile includes an underinsured automobile where "... the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable *limits* of liability *under this insurance...*". Therefore, the conclusion is inescapable that Plaintiff may aggregate the "limits of liability under this insurance" in determining the insurer's liability under the underinsured automobile provision of the policy.

This Court does not feel that this holding is inapposite to its holding in *Carroll v. Government Employees Insurance Co.*, 372 F.Supp. 405 (S.D.Miss.1974) where aggregation was not allowed under a family automobile policy covering uninsured motorist protection on three cars. In *Carroll, supra*, the "limitation of liability" clause clearly stated that "regardless of the number of automobiles or trailers to which this policy applies, the limits of liability for uninsured motorist coverage stated in the Declarations as applicable to 'each person' is the limitation of the company's liability for all

damages, including damages for care or loss of services, because of bodily injury sustained by one person as a result of any one accident." In this policy, the insurer effectively and unambiguously restricted its liability. Furthermore, at the time of this Court's opinion in 1974, it did not have the advantage of a decision on the question of stacking uninsured motorist coverage by the Mississippi Supreme Court.

THEREFORE, it is the opinion of the Court that Defendant–Allstate's Motion for Partial Summary Judgment is hereby denied. An order shall be submitted by the parties pursuant to the Local Rules of this Court.