James D. GARDNER, Mary Gardner, William D. Gardner, James D. Gardner, Jr., Margaret Gardner Ermine, Kenneth G. Gardner and Francis R. Gardner, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

Civ. A. No. S81–0667(R).

United States District Court, S.D. Mississippi, S.D.

Oct. 9, 1984.

---

1plain

Bobby G. O'Barr, Stanton Fountain, Jr., Biloxi, Miss., for plaintiffs.

Harry R. Allen, Floyd G. Hewitt, Jr., Bryan, Nelson, Allen, Schroder & Cobb, Gulfport, Miss., for defendant.

## OPINION

DAN M. RUSSELL, District Judge.

This cause is presently before the Court on two motions. The plaintiffs have submitted a motion for partial summary judgment and the defendant has submitted a motion for leave to file an amended answer and for a continuance. For the reasons stated below, the Court grants the plaintiffs' motion and denies the defendant's motions.

The defendant has acknowledged in its brief in opposition to the plaintiffs' motion for partial summary judgment that based upon this Court's earlier interpretations of Amendatory Endorsement AU7052–1, and its own admissions, that the plaintiffs would be entitled to benefits in the amount of $40,000.00, (1) if the amendatory endorsement was a part of their policy, and

(2) if the plaintiffs have satisfied, or the court excuses a contractual condition precedent; that being the exhaustion of all bodily injury liability bonds or insurance policies applicable at the time of the accident by payment of judgments or settlement.[1] This Court is of the opinion that the plaintiffs have met the defendant's proposed criteria to recovery.

■ The defendant has alleged that new found evidence indicates that Amendatory Endorsement AU7052–1 is not, and has never been a part of the plaintiffs' policy. This Court has rendered two opinions in this action, one dated June 6, 1984, and the other March 20, 1984. Both of these opinions interpreted the policy as containing the amendatory endorsement in question. Similarly, this Court rendered the opinion in *St. Arnaud v. Allstate Insurance Co.*, 501 F.Supp. 192 (S.D.Miss.1980) on October 31, 1980, a case consolidated with the one at bar, and also interpreted the amendatory endorsement as applicable without objection from Allstate as to any inapplicability of that endorsement. In addition, the court file is replete with both indications and admissions by Allstate to the effect that Amendatory Endorsement AU7052–1 is a part of the plaintiffs' policy. Furthermore, the original complaint in this action was filed December 21, 1981. With almost two years and nine months of discovery time having elapsed, with the plaintiffs' complaint being amended three times and answered three times by the defendant, surely any allegation by Allstate now that the policy lacks a policy provision that is of vital importance to this litigation has to be considered dilatory. *Hall v. Aetna Casualty and Surety Co.*, 617 F.2d 1108 (5th Cir.1980).

■ Under Federal Rule of Civil Procedure 15(a), at this stage of the proceed-

---

**1.** The provision of Amendatory Endorsement AU7052–1 containing the condition precedent which the defendant argues must be met provides in full that:

Allstate shall not be obligated to make any payment because of bodily injury to which this insurance applies and which arises out of

the ownership, maintenance or use of an underinsured automobile until after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident with respect to such automobile have been exhausted by payment of judgments or settlements.

ings "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R. Civ.P. 15(a). The decision whether to allow amendments to the pleadings lies entirely within the discretion of the trial court. *Lamar v. American Finance System of Fulton City, Inc.,* 577 F.2d 953 (5th Cir.1978); *Dunn v. Koehring Co.,* 546 F.2d 1193 (5th Cir.1977). A refusal by the trial court of leave to amend will not be overturned unless there has been an abuse of discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–332, 91 S.Ct. 795, 802–803, 28 L.Ed.2d 77 (1971); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1961); *Nilsen v. City of Moss Point,* 621 F.2d 117, 122 (5th Cir. 1980).

Similarly, in *Hall v. Aetna Casualty and Surety Co., supra,* the fifth circuit affirmed a trial court's decision refusing leave to amend. In *Hall,* Aetna argued that the trial court erred by not allowing permission to amend in order to contest coverage. The court, however, disagreed in language equally applicable to the defendant in the case at bar:

> Aetna is charged with knowledge of the contents of its own policy. It had ample opportunity to amend its answer throughout the pendency of the case, and the district court was liberal in granting it leave to do so. The trial judge recognized, however, that this final amendment would clearly prejudice the opposing party and simply came too late. The holdings in this court make clear that under circumstances like these the trial court is not guilty of an abuse of discretion when it denies leave to amend. *Id.* Citing *Combee v. Shell Oil Co.,* 615 F.2d 698 (5th Cir.1980); *Lamar v. American Finance System of Fulton County, Inc.,* 577 F.2d 953 (5th Cir.1978); *Dunn v. Koehring Co.,* 546 F.2d 1193 (5th Cir. 1977); *Nevels v. Ford Motor Co.,* 439 F.2d 251 (5th Cir.1971); *Freeman v.*

*Continental Gin Co.,* 381 F.2d 459 (5th Cir.1967).

Therefore, this Court denies the defendant's motion to amend and for continuance because the defendant has had ample opportunity to discover whether Amendatory Endorsement AU7052–1 was in fact a part of the policy, and because any amendment at this state of the proceedings, 17 days before trial, would result in undue prejudice to the plaintiffs. 3 Moore's Federal Practice ¶ 15.08[4] (2d ed. 1984).

In disposing of the defendant's motion to amend and for continuance the Court has thereby answered in the affirmative the correlative question of whether Amendatory Endorsement AU7052–1 is a part of the plaintiffs' policy. Thus, the only question remaining is whether the plaintiffs have satisfied the contractual condition precedent of exhausting all bodily injury liability bonds or insurance policies applicable at the time of the accident by payment of judgment or settlement.[2] The defendant contends that the plaintiffs have received only $10,000.00 as settlement from the tortfeasor's insurer, which is $10,000.00 less than this Court in an earlier opinion found as the "per person" limit. The defendant further contends that since it is unclear which of the plaintiffs received the settlement, it is conceivable that all of the $10,-000.00 went entirely to one of the plaintiffs and that *that* plaintiff would have exhausted the tortfeasor's limits as to him, but that no other plaintiff would thereby be entitled to recovery.

■ This Court has held that the language within Amendatory Endorsement Au7052–1, under the "Limits of Liability" section of that policy, is unclear and ambiguous, *St. Arnaud v. Allstate Insurance Co., supra,* leading this Court to the conclusion that "stacking of the uninsured motorist coverage is allowed to determine the insurer's limits of liability under the underinsured motorist provision." *Id.* at 194. *Pearthree v. Hartford Accident & Indemnity Co.,* 373 So.2d 267 (Miss.1979). *See also Government Employees Insurance*

**2.** *See* note 1, *supra.*

*Co. v. Brown*, 446 So.2d 1002 (Miss.1984); Phillips, *Underinsured Motorist Coverage in Mississippi*, 3 Miss.C.L.Rev. 65, 75–101. (1982). Thus, the contractual condition precedent, being unclear and ambiguous, can be excused.

▮ Furthermore, this Court has ruled that "the maximum amount which *all plaintiffs collectively* may recover for damages in this cause is $40,000.00" and that "the 'per person' $20,000.00 limit of liability refers to *all* 'insured's' not merely the decedent." *Gardner v. Allstate Insurance Co.*, Civil Action No. S81–0667(R), Order of August 5, 1984, *emphasis added.* Therefore, the defendant's contentions are without merit since this Court's ruling has treated the plaintiffs collectively and held any recovery by one as recovery by all. The plaintiffs, by accepting $10,000.00 as settlement from the tortfeasor's insurer, have thus in effect exhausted by payment of settlement all bodily injury liability bonds or insurance policies applicable at the time of the accident, and have thereby met the amendatory endorsement's contractual condition precedent to recovery thereunder. Therefore, having met the defendant's proposed criteria to the plaintiffs' recovery, the condition precedent being held satisfied and excused, the Court finds the plaintiffs are entitled to partial summary judgment as a matter of law in the amount of $40,000.00.

The plaintiffs have also requested prejudgment interest on the above amount from 90 days after the death of Christopher Gardner, or in the alternative, November 7, 1980, the date in which this Court signed the Order in the consolidated case of *St. Arnaud v. Allstate Insurance Co.*, 501 F.Supp. 192 (S.D.Miss.1980). Since the resolution of the issues raised by the plaintiffs' partial summary judgment motion does not completely dispose of this case, the Court will reserve decision on whether to award prejudgment interest until after trial on any remaining issues before the Court in this matter.

An Order in accordance with this opinion shall be provided as set forth in the Local Rules.