Shirley M. **TUCKER**, Plaintiff-Appellee, Cross-Appellant,

v.

**AETNA CASUALTY & SURETY COMPANY**, Defendant-Appellant, Cross-Appellee.

No. 85–4453.

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1986.

Rehearing and Rehearing En Banc Denied Oct. 30, 1986.

David A. Barfield, Satterfield & Allred, Michael S. Allred, S. Craig Panter, Jackson, Miss., for defendant-appellant, cross-appellee.

Wayne E. Ferrell, Jr., Ferrell & Hubbard, Roger C. Landrum, Jackson, Miss., for plaintiff-appellee, cross-appellant.

Before WISDOM, DAVIS and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

This case turns on the interpretation of a clause in an automobile insurance policy. The district court held that the clause in dispute reduced the uninsured motorist limit below that which Mississippi law requires, 609 F.Supp. 1574. We disagree with this interpretation of the policy and modify the compensatory damage award and reverse the award of punitive damages.

### I.

Shirley M. Tucker suffered injuries on January 8, 1983, in an automobile accident caused solely by an uninsured motorist. On that date, Mrs. Tucker was insured by Aetna Casualty & Surety Company (Aetna) through a policy that provided uninsured motorists (UM) coverage with a limit of $10,000 [1] and medical payments (med-pay) coverage with a limit of $2,000. She submitted medical bills to Aetna, but Aetna refused to pay the bills until she signed its Auto-Rite Policy Medical Expense Agreement. Mrs. Tucker, on advice of her attorney, refused to sign the form agreement because it included a clause that counsel interpreted as reducing the limits of the uninsured motorists coverage below that established by Mississippi law. Aetna also refused payment of Mrs. Tucker's medical bills because of her refusal to provide copies of medical reports and other necessary

---

1. Aetna provided coverage on Mrs. Tucker's two vehicles, each having UM coverage of $10,000. As allowed under Mississippi law, Mrs. Tucker stacked the two policies to obtain total UM coverage of $20,000. *Government Employees Insurance Co. v. Brown*, 446 So.2d 1002 (Miss. 1984); *State Farm Mutual Automobile Insurance Co. v. Nester*, 459 So.2d 787 (Miss.1984).

medical information. Aetna considered this information necessary because of Mrs. Tucker's complex medical picture: she not only suffered from a pre-existing illness, but was also injured in a later accident in February 1983.

Mrs. Tucker filed suit against Aetna seeking recovery under her uninsured motorist and medical payment coverages. She also sought punitive damages for Aetna's alleged bad faith refusal to pay damages and for its attempt to reduce her uninsured motorists limit below the statutory minimum. The district court held that: 1) Aetna was justified in refusing to pay Mrs. Tucker's medical bills because Tucker failed to furnish the requisite medical information. This breach was not so egregious, however, to warrant denial of all recovery to Tucker under the policy. 2) Aetna was liable for punitive damages for retaining a clause in its policy that attempted to reduce UM coverage below the legal minimum. The district court awarded Mrs. Tucker $1,708.92 under the med-pay provision of the policy, $20,000 in UM benefits, and $43,417.84 in punitive damages.

Aetna contends in this appeal that: the policy language does not reduce the UM limits below the statutory minimum; Tucker should be denied coverage because of her failure to provide necessary medical information; and the district court erred in computing damages. Tucker cross-appeals contending that the amount of punitive damages are inadequate.

## II.

### A.

Mississippi law requires insurers to include UM coverage in their automobile liability policies with minimum limits of $10,000 per person and $20,000 per occurrence. Miss.Code.Ann. §§ 83–11–101, 65–15–43 (Supp.1985). Any provision attempting to reduce coverage below those statutory limits is illegal. *Talbot v. State Farm Mutual Automobile Insurance Co.*, 291 So.2d 699 (Miss.1974); *Harthcock v. State Farm Mutual Automobile Insurance Co.*, 248

So.2d 456 (Miss.1971). Relying on *Talbot* and *Harthcock*, the district court agreed with Mrs. Tucker that the following provision in the uninsured motorists section of Aetna's policy had the effect of reducing the UM limit below the statutory minimum in violation of Mississippi law:

III. Limits of Liability ...

(e) The company shall not be obligated to pay under this insurance that part of the damages which an insured may be entitled to recover from the owner or operator of an uninsured highway vehicle which represents expenses for medical services payable under the Medical Payment Coverage.

The district court interpreted the policy as requiring a reduction of the UM coverage by that amount recoverable under the med-pay provision. The court concluded that once the med-pay recovery was deducted from the UM limit, the available UM coverage was illegally reduced below the statutory minimum.

Aetna argues that paragraph (e) does not require the reduction of UM coverage below the statutory limits; rather it is designed to prevent the insurer from paying medical expenses under both the med-pay provision and the UM coverage. *Talbot* and *Harthcock* are readily distinguishable. In both cases, the insurer attempted to reduce the limits of its UM coverage. In *Harthcock*, the insured plaintiff suffered damages of $14,000. She attempted to recover the $5,000 limit of her UM coverage from her insurer, State Farm. Her policy with State Farm contained an "other insurance" clause which purported to reduce her UM coverage by that amount recovered from other insurance. Because the insured had collected $5,000 in insurance proceeds from another insurer, State Farm argued that it owed the insured nothing, even though only $5,000 of her total damages of $14,000 had been paid. The Mississippi Supreme Court held that the "other" insurance clause was unenforceable because it reduced the UM limit below the statutory minimum. 248 So.2d at 461–62. Similarly, the court in *Talbot* disallowed the insurer's

attempt to reduce the $5,000 limit of its UM coverage by payments of $652.72 made under the med-pay coverage when the insured's damages exceeded the $5,000 limit after the medical expenses were paid.

In this case Mrs. Tucker's damages were assessed at $40,000 plus her medical expenses. Aetna concedes that its policy requires it to pay Mrs. Tucker's medical bills plus the $20,000 limit on her UM coverage. Aetna's interpretation of the disputed clause (e) therefore does not have the effect of reducing the $20,000 UM limit in Mrs. Tucker's policies.

How this clause operates under Aetna's interpretation can best be demonstrated by example. Assume Mrs. Tucker's total medical expenses were $1,000. In addition, assume she suffered $15,000 in damages for her injury. Under this scenario, she could recover a total of $16,000: $1,000 under the med-pay provision and $15,000 under the UM coverage. Clause (e) would prevent a double recovery of medical expenses under both med-pay and UM.

■ We agree with Aetna's interpretation of clause (e). The only effect of this clause is to allow Aetna to avoid paying the insured's medical expenses twice: once under med-pay coverage and again under UM. The clause does not reduce the UM limit. As in Mrs. Tucker's case the total UM limit is owed if the insured's total damages, exclusive of the medical expenses paid under med-pay, exceeds the UM limit.

■ Tucker further argues that the Auto-Rite Medical Expense Agreement that Aetna tendered to her for signature attempted to reduce the policy's UM coverage below the limits established by Mississippi law. The pertinent section of that agreement required that any payment of medical expenses

shall be applied toward the settlement of any claim, or the satisfaction of any judgment for damages entered in my favor which I have made or shall hereafter make or obtain on account of this accident against any person or organization to whom the *Liability Coverage* provid-

ed by this automobile insurance policy shall apply....

(Emphasis added). The district court held that this provision, consistent with clause (e), was an attempt to unlawfully reduce the limits of the UM coverage. The above provision, however, only requires an injured party to credit sums received in medical expenses against a recovery under the *liability* coverage of the policy. The only policy provisions at issue in this case are the medical payment coverage and the uninsured motorist coverage. The liability coverage of Aetna's policy is implicated only when a third party seeks to recover damages inflicted by Mrs. Tucker or some other insured. We are persuaded, therefore, that the above provision in Aetna's proposed agreement has no application to the UM coverage in dispute in this litigation and was not an attempt by Aetna to reduce the UM limit.

Finally, Mrs. Tucker argues that section 4275 of Aetna's claims manual which states "clearly show that the Uninsured Motorist payment was reduced by the amount of the Medical Payment," supports her position that Aetna sought to reduce the limits of her UM coverage. But, this language was not included in the contract between Mrs. Tucker and Aetna and we find no support from the record that section 4275 of the claims manual was used in handling Mrs. Tucker's claim.

We conclude therefore that Aetna did not attempt to reduce Mrs. Tucker's UM coverage below the limits established by law; it merely sought to prevent the double payment of medical bills. We therefore reverse the district court's award of punitive damages because it was based on a finding that the insurance policy violated Mississippi law. Mrs. Tucker's cross-appeal contesting the adequacy of the punitive damage award must also fall.

### B.

The district court found that Mrs. Tucker refused to honor her obligation to provide Aetna with various medical reports and a medical privilege waiver. The court found

that she also violated policy provisions when she refused to disclose the identity of other medical insurance coverage and failed to confirm in writing Aetna's right of subrogation. According to Aetna, this conduct prevented an evaluation of her claim. This information was critical because of Mrs. Tucker's complicated medical history. Aetna was finally provided with limited medical information approximately one week before trial. The district court found that Tucker's conduct did not justify Aetna's refusal to pay on the policy. Aetna contests this finding.

■■■ An insured's failure to comply with conditions in a policy will ordinarily not defeat the insured's claim on the policy unless the breach of condition results in prejudice to the insurer. *Young v. Travelers Insurance Co.*, 119 F.2d 877 (5th Cir. 1941); *Hood v. Fireman's Fund Insurance Co.*, 412 F.Supp. 846 (S.D.Miss.1976); Note Insurance Notice Clauses in Mississippi, 44 Miss.L.J. 947, 965 (1973). Aetna failed to demonstrate prejudice from Mrs. Tucker's failure to furnish information required by the policy. Aetna received notice of the accident shortly after it occurred. Aetna protected itself by refusing to pay any of the medical bills until it could ascertain that the medical expenses were related to the accident it covered by its policy. The district court did not err in permitting Tucker to recover on the policy.

## C.

Finally, Aetna argues that the district court erred in computing damages due under the med-pay coverage in the policy. This coverage requires the insurer to pay medical expenses that are: (a) incurred as a result of injuries sustained in the accident which require treatment, (b) within a year after the accident, and (c) that are not paid under any other medical insurance coverage. At the time of her January 8, 1983 accident, Mrs. Tucker had other insurance that paid 80% of her medical bills, after she

exhausted a deductible of $750. The district court found that only one-third of the medical expenses incurred after the accident of February 3, 1983, were attributable to the January 8 accident. The district court calculated the medical expenses owed by Aetna under the medical expense coverage as follows:[2]

| | |
|---|---|
| Medical Expenses incurred Jan. 8, 1983 to Feb. 3, 1983: | $530.57 |

Medical Expenses incurred after Feb. 3, 1983:

| | | |
|---|---|---|
| Dr. Edward T. James | 535.00 | |
| St. Dominics (4/16/84–5/9/84) | 3,524.00 | |
| Dr. Gray Hilsman | 3,090.00 | |
| Lakeland Radiologists | 79.00 | |
| | 7,138.50 | |
| | x.33 | |
| | | 2,355.70 |
| Total Medical Expenses attributable To January 8, 1983 accident— | | 2,886.27 |
| Less Deductible under other ins.— | | 750.00 |
| | | 2,136.27 |
| | | x.80 |
| Total Medical Expenses recoverable Under med-pay | | $1,708.92 |

■■■ The district court clearly erred in including the following medical expenses that were incurred more than one year after the accident:

| | |
|---|---|
| Dr. Edward T. James' charges | $ 75 |
| St. Dominics Hospital charges | $3,524 |
| Dr. Gray Hilsman's charges | $2,630 |
| Lakeland Radiologists charges | $ 79 |

■■■ The district court also erred in failing to charge Aetna for the $750 deductible which was not paid by Mrs. Tucker's other medical insurance. The district court also erroneously awarded Mrs. Tucker 80% of her medical expenses rather than the 20% that was not covered by her other insurance. We compute the correct sum recoverable by Mrs. Tucker under med-pay at $766.83.[3]

---

**2.** The district court made a mathematical mistake. Using the district court's own numbers, the total medical expenses incurred after February 3, 1983, should be $7,228.50, not $7,138.50.

**3.** We arrive at this figure as follows:

## III.

In sum, we conclude that Aetna did not attempt to reduce Mrs. Tucker's UM policy limits below the minimum limits established by Mississippi law; the award of punitive damages is therefore reversed. The portion of the district court's judgment awarding Mrs. Tucker $20,000 in UM benefits is affirmed; the sum recoverable under the med-pay coverage of the policy is reduced to $766.83. We remand this case to the district court for entry of judgment in that amount.

REVERSED in part, AFFIRMED in part and REMANDED.

| Medical Expenses incurred Jan. 8, 1983 to Feb. 3, 1983: | $530.57 |
|---|---|
| Medical Expenses incurred after Feb. 3, 1983: | |
| Dr. Edward T. James | 460.00 |
| St. Dominics (4/16/84–5/9/84) | 0 |
| Dr. Gray Hilsman | 460.00 |
| Lakeland Radiologist | 0 |
| | 920.00 |
| | ×.33 |
| | 303.60 |

| Total Medical Expenses attributable to January 8, 1983 accident— | 834.17 |
|---|---|
| Less Deductible under "other" health insurance policy | 750.00 |
| | 84.17 |
| | ×.20 |
| | 16.83 |
| Plus deductible | 750.00 |
| Total Medical Expenses recoverable under med-pay | 766.83 |