United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-60338
Summary Calendar

JEWEL WELBORN,

Plaintiff-Appellee,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 2:04-CV-00323-KS-JMR)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

State Farm Mutual Automobile Insurance Company ("State Farm") appeals the district court's

award of $10,000 to Jewel Welborn for damages arising from a car accident. State Farm argues that

only $5,000 of Uninsured Motor Vehicle ("UM") coverage is owed because of a prior payment to

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Welborn under her Medical Payment ("Med Pay") coverage. For the following reasons, we reverse the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Welborn, a citizen of Mississippi, filed suit against Hilda Watkins, a citizen of Mississippi, in Mississippi state court on September 16, 2002. Welborn later amended the complaint to include State Farm, a corporate citizen of Illinois, as a defendant. Welborn settled her claims with Watkins, receiving $10,000 from Watkins's insurance company. State Farm also paid Welborn $5,000 under her Med Pay coverage for her medical expenses. After Watkins's dismissal from the suit, State Farm removed the case to federal court. A jury determined that Welborn's damages from the accident totaled $20,000. The trial court entered a final judgment against State Farm, Welborn's UM carrier, in the amount of $10,000, declining to reduce the amount by the $5,000 that State Farm had previously paid. State Farm appeals, contending that Welborn should only recover $5,000 in UM payments.

## II. DISCUSSION

Our review of the district court's determination of Mississippi law is de novo. *Am. Reliable Ins. Co. v. Navratil*, 445 F.3d 402, 404 (5th Cir. 2006). Because this is a diversity case, we resolve this dispute according to the substantive law of Mississippi, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938), making an educated "*Erie* guess" of how the Mississippi Supreme Court would decide this issue if it is not fully resolved by prior Mississippi case law. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 565 (5th Cir. 2004). To the extent that a prior panel of this Circuit has ruled on this issue and has not been superceded by either Mississippi case law or a change in statutory

2

authority, we are bound by the prior decisions of this Circuit as to the meaning of Mississippi law. *Lamar Adver. Co. v. Cont'l Cas. Co.*, 396 F.3d 654, 663 n.8 (5th Cir. 2005).

The question in this case is whether a provision that allows an insurance company to avoid double payment of medical expenses under a UM policy is enforceable in Mississippi. The Mississippi Supreme Court has not directly addressed this question. In *Tucker v. Aetna Cas. & Sur. Co.*, 801 F.2d 728 (5th Cir. 1986), this court, sitting in diversity, considered this issue. The insured sought punitive damages because Aetna's insurance policy contained a provision that the same benefits would not be paid under both the Med Pay coverage and the UM coverage. The Fifth Circuit, interpreting Mississippi law, held that the provision was not an attempt to reduce the minimum amount of UM coverage because "the only effect of this clause is to allow [the insurer] to avoid paying the insured's medical expense twice: once under med-pay coverage and again under UM. . . . [T]he total UM limit is owed if the insured's total damages, exclusive of the medical expenses paid under med-pay, exceeds the UM limit." *Id.* at 731.

The State Farm provision at issue here operates the same way. Welborn's State Farm policy included up to $300,000 of stacked UM coverage and $5,000 of Med Pay coverage. If Welborn's damages had been assessed at $307,000, she would be entitled to recover the full limits of her UM policy under the provision at issue in this case. Even once the $5,000 of expenses covered by the Med Pay benefits were deducted, Welborn would still have $302,000 worth of damages, entitling her under both the provision and Mississippi law to the full amount of her UM policy. Here, State Farm merely argues that since Welborn is only entitled to $20,000 in damages, that is all she should get. Under the district court's judgment as it currently stands, Welborn recovers $25,000, a $5,000

3

windfall. We are bound by *Tucker*'s assessment of the law of Mississippi that State Farm's provision preventing this windfall is valid, absent any intervening Mississippi case law or statutory amendments.

There are three cases that arguably address issues of law similar enough to affect the outcome of this case: *Talbot v. State Farm Mut. Auto. Ins. Co.*, 291 So.2d 699 (Miss. 1974), *Nationwide Mut. Ins. Co. v. Garriga*, 636 So.2d 658 (Miss. 1994), and *Fidelity & Guar. Underwriters, Inc. v. Earnest*, 699 So.2d 585 (Miss. 1997). While the district court relied on *Talbot* to determine that State Farm's provision was unenforceable, this was an error. The district court is bound by this Circuit's interpretation of *Talbot*. In *Tucker*, this court decided that *Talbot* was inapposite to this question because the provision in *Talbot* would have reduced the UM payment to the insured by the amount paid out under the Med Pay provision even though the insured's total damages, minus the Med Pay payments, exceeded the UM limit. 801 F.2d at 730-31. What *Talbot* forbids is for State Farm to argue that, if Welborn's damages were $305,000, she would be owed only $295,000 under her UM coverage because the company already paid $5,000 in Med Pay. *See* 291 So.2d at 703. Because this is not the situation at issue here and because the Fifth Circuit distinguished *Talbot* in *Tucker*, we find *Talbot* does not affect the resolution of the issue in this case.

The insured argues strongly that *Garriga* renders *Tucker* void, but we disagree. In *Garriga*, the Mississippi Supreme Court held that a provision requiring offset of benefits received from workers' compensation was unenforceable under Mississippi law. 636 So.2d at 664-65. The reduction clause at issue in *Garriga* would "always reduce the $50,000 policy limit if workers' compensation has been paid, no matter the ultimate damages suffered. In fact, if Garriga had received $50,000 in workers' compensation, this clause would act to deny him any recovery, even the $10,000 statutory minimum." *Id.* at 661. The court held that such a clause was unenforceable, even if it did

4

not reduce coverage below the statutorily required minimum, because it reduced "the coverage that the insured [chose] up to that amount equal to the liability amount acquired." *Id.* at 664. The court also noted, however, that an insured is only entitled to recover "'the amount of damages which may be judicially determined.'" *Id.* at 662 (quoting *Hartford Accident & Indemnity Co. v. Bridges*, 350 So.2d 1379, 1381 (Miss. 1977)). The clause in *Garriga* was unenforceable because it operated to always reduce an insured's recovery, even if the insured's damages far exceeded the policy limits.

The clause at issue here does not operate the same way. The clause provides that "[n]o person for whom medical expenses are payable under this coverage shall recover *more than once* for the *same* medical expense under this or similar vehicle insurance." (emphasis added). The purpose of this clause is to limit the amount of an insured's damages to the amount of damage that is actually suffered. Here, Welborn was adjudged to have $20,000 worth of damages. She had already received $15,000 from other sources, including $5,000 from State Farm for medical expenses. This clause would not operate to deny Welborn the limits of her UM policy if her damages had been high enough; instead, it only operates to prevent a double payment for exactly the same damages. This is unlike the provision in *Garriga* which provided that workers' compensation benefits would always be dedeucted from the UM benefits regardless of the damages sustained by the insured. Therefore, *Garriga* does not overturn *Tucker* for the provision at issue in this case.

Finally, the district court also relied on *Earnest*, which emphasized that the "use of offset provisions to escape statutory minimum levels of UM coverage" is not allowed under Mississippi law. 699 So.2d at 589. The court also noted, however, that not all offsets of liability are impermissible, noting explicitly that offsets of liability based on payments to the insured by the tortfeasor are allowed. *Id.* at 589. The provision at issue here does not implicate the concern of *Earnest* that the

5

full amount of required coverage be provided to the insured. Here, Welborn will receive the full amount of damages to which she is entitled, and the provision would not act to deprive an insured who had damages greater than the UM limits of full coverage. Because no intervening Mississippi case law effects the outcome of this case, we affirm the ruling in *Tucker* and reverse the district court.

## III. CONCLUSION

We reverse the district court and order that judgment be entered against State Farm in the amount of $5,000.